PHILLIPS, A MINOR, PLAINTIFF-APPELLANT, *v.* BARKER, DEFENDANT-APPELLEE.

Ohio Appeals, Seventh District, Mahoning County.

No. 4059. Decided October 15, 1959.

394

*Mr. W. E. Stankiewicz,* for plaintiff-appellant.
*Messrs. Stephens & Stephens,* for defendant-appellee.

*Per Curiam.* About five o'clock on the afternoon of April 11, 1957, plaintiff, a minor, aged 13 years, was walking easterly on the southerly sidewalk of McGuffey Street near the intersection of Wick Avenue, which intersection is controlled by an electrically operated traffic signal light.

That traffic light was so operated at that time that when halting traffic traveling west on McGuffey Street it gave the right of way by green arrows for a period of ten seconds to traffic moving westerly on McGuffey Street to turn left, or south, on Wick Avenue, and traffic moving north on Wick Avenue to turn right, or east, from Wick Avenue into McGuffey Street. At that time three lanes of traffic extending for a distance of approximately 350 feet east of Wick Avenue were designated on McGuffey Street, the southerly lane reserved exclusively for east bound traffic, the middle lane for west bound traffic that intended to turn left into Wick Avenue, and the northerly lane for McGuffey Street west bound traffic intending proceeding through the intersection or to turn north or right into Wick Avenue.

When plaintiff reached a point about 250 feet east of Wick Avenue she encountered a barricaded sidewalk. At that time traffic moving west on McGuffey Street was halted and the southerly lane of McGuffey was clear of traffic, and a long line of traffic standing in the middle lane, waiting for signal to move, the wait being approximately forty seconds, and the northerly lane clear of traffic save for one or two automobiles.

Plaintiff, believing, as she testified, that it was less hazardous to cross McGuffey Street in a northerly direction, proceeded north across McGuffey Street toward the northerly sidewalk thereof, enroute to Madison School playground, situated on the northerly side of McGuffey Street, and had reached the northerly edge of the middle lane in McGuffey Street, when she appraised her situation again and continued to proceed in a northerly direction going "behind a car and in front of a truck," with another girl, when she was struck by defendant's automobile.

Defendant testified his automobile was being driven "past the big red semi-tractor and trailer." Plaintiff testified his automobile proceeded from behind a line of cars on McGuffey Street northerly on Wick Avenue, where defendant testified he saw plaintiff in front of him a distance "approximately the length of my hood and bumper." Plaintiff's injuries caused her to be confined to a hospital for two months.

A jury in plaintiff's action against defendant in the court of common pleas returned a verdict, signed by nine members,

for defendant, upon which the trial judge entered judgment. Plaintiff then appealed to this court on questions of law.

The case of *DeMaris* v. *Neth*, 7 Ohio Law Abs., 377, clearly absolves the trial judge of commission of error prejudicial to the plaintiff in refusing to admit in evidence a "free-hand sketch prepared by one of plaintiff's witnesses," because defendant's counsel was permitted to make similar sketches on a blackboard to orient witnesses, which sketches, of course, are not with the jury during deliberations.

The trial judge charged the jury in writing, before argument, over plaintiff's objection, and her counsel now claims erroneously, the following propositions of law:—

"The court says to you, Members of the Jury, that there is no presumption in law that the defendant, Samuel M. Barker, was negligent. The presumption is, before any evidence was introduced, that the defendant, Samuel M. Barker, was at all times complained of by plaintiff in her petition in the exercise of ordinary care; the court further charges you that you cannot presume that defendant, Samuel M. Barker, was negligent from the mere fact that there was an accident. Negligence is a fact which must be proven against the defendant by the greater weight of all the evidence and is not to be presumed nor guessed at."

"Request No. 5.

"As a matter of law, if you find from all the evidence in this case that plaintiff was guilty of negligence which directly and proximately contributed in the slightest degree to bring about the accident and injuries of which plaintiff complains, there can be no recovery for this plaintiff; and members of the jury, this is true even if you further find, from the greater weight of all the evidence, that the defendant, Samuel M. Barker, was also guilty of negligence which directly and proximately contributed to the accident of which the plaintiff complains, and your verdict, if you so find, should be for the defendant, Samuel M. Barker."

Counsel complains of request number two on the ground that while substantially correct as a charge that by reason of the cumulative effect of the language used it unduly emphasized certain principles of law charged.

Counsel for plaintiff contends that defendant's request to charge number five is erroneous because it tends to absolve the defendant from any responsibility even though he was negligent and his negligence was the direct and proximate cause of the accident and injuries.

We conclude no error prejudicial to plaintiff intervened in the respects charged by plaintiff in the assigned ground of error under discussion.

The trial judge refused to charge the jury in writing before argument the following request submitted by plaintiff:—

"A pedestrian upon the public highway is entitled to rely on warning from approaching vehicles, and is likewise entitled to presume that vehicles approaching her will proceed at a reasonable speed consistent with the traffic, width of the roadway, and her known presence."

As stated by counsel by brief, the requested charge assumes two facts which are not supported by the testimony. It first assumes that there is an absolute duty upon every driver to give a warning to a pedestrian, and secondly, it assumes from the phrase "and her known presence" that defendant had knowledge of the presence of the plaintiff in his path in sufficient time to give a warning. In other words, the charge as submitted did not allow the jury to determine under all the evidence whether or not defendant knew of the presence of the plaintiff.

Plaintiff did not request the trial judge to charge on speed nor on the provisions of Section 4511.21, Revised Code, and, of course, cannot, as she now does, complain of the omission to charge on those subjects. See 4 Ohio Jurisprudence (2nd), Page 240, Section 983; and *Wood* v. *General Electric Co.*, 159 Ohio St., 273.

The trial judge admitted in evidence defendant's Exhibits 1, 2, and 3, which plaintiff contends erroneously constituted prejudicial and reversible error.

The trial judge did not commit prejudicial and reversible error as charged in this assigned ground of error because counsel for plaintiff did not object to the introduction of such exhibits in evidence. See *Paulson* v. *Hall*, 51 Ohio Law Abs., 21. The typewritten attachments of which plaintiff complains

could have been removed from the photographs if timely objection had been made. If there were any changes in the physical condition of the premises as depicted by the photographs counsel for plaintiff had full and ample opportunity, if he so desired, to point out these changes to the jury.

There is nothing in the entire record submitted to us indicating that the trial judge erred to her prejudice "in summarily overruling plaintiff's motion for a new trial," nor supporting the contention of plaintiff's counsel that the trial judge erred to her prejudice in failing to comment upon certain principles of law applicable to the plaintiff.

On the contrary, counsel for plaintiff answered the trial judge negatively by saying "nothing further" when at the close of his general charge to the jury the trial judge said:—

"Before I wind this up, I will turn to the plaintiff: will you please advise me, Mr. Stankiewicz, whether you have anything you believe I have misstated or you would like to add or change?

"Mr. Stankiewicz: Nothing further.

"The Court: How about you, Mr. Stephens?

"Mr. Stephens: I think of nothing further, Your Honor."

In 4 Ohio Jurisprudence (2nd), Page 240, Section 983, it is said:—

"If a charge is good so far as it goes, its failure to deal with a particular question arising in the case or its omission of some matters which might have been included does not constitute reversible error unless the omission was called to the attention of the court by counsel and an instruction requested, provided the jury are not misled by the instruction given. This principle has been applied a great many times in civil cases, and it has also been applied quite frequently in criminal cases."

There is evidence that the automatic traffic signal light was, at the time plaintiff was injured, turned to permit plaintiff twenty-eight seconds to cross on the easterly side of Wick Avenue in the direction she was proceeding. The length of the skidmarks made by defendant's automobile in stopping his car was four feet. Plaintiff and her companions crossed McGuffey Road at a point other than at a designated intersection. There is evidence that plaintiff was running at the time and place of the accident.

"Q. Then at that point there was an interruption, and then the question was 'Who is she?' And your answer was: 'First Mildred ran across and then she didn't get hit; then Barbara ran. When I called "Barbara!" she stopped and she looked around and she got hit.' Do you remember that question and that answer?

"A. No.

"Q. Would you say, Polly, that you didn't give that answer or didn't say that?

"A. If it is there I probably said it, but I don't remember.
"* * *

"Q. Now, the next question was: 'How did Barbara and Mildred go across the street, did they walk or run?' Your answer was: 'They ran.'

"A. No, I don't remember that.

"Q. Well, Polly, would you say that you didn't say that at that time?

"A. If it is there, I said it probably but I was all tangled up then.

"Q. The next question was: 'Did they run clear across or halfway and stop?' Your answer was: 'They ran all the way; Barbara couldn't run all the way because she got hit.' Do you recall that question and that answer?

"A. No.

"The Court: The answer is no?

"A. That is right.

"Q. Would you say that you didn't say that Polly at that time?

"A. I probably said it."

Carefully considering the evidence and the argument of plaintiff's counsel with respect thereto there is nothing in either that in our opinion supports plaintiff's contention that "the verdict of the jury is not only against the manifest weight of the evidence, but is contrary to the evidence and not sustained by any credible evidence; also, appears to have been given under influence of passion and prejudice, or misconduct of certain jurors."

The judgment of the court of common pleas is affirmed.

GRIFFITH, P. J., PHILLIPS and DONAHUE, JJ., concur.